FILED

03/25/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0201

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0201

_____

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.                                 O R D E R

BRANDON JAMES BLACKGOAT,

     Defendant and Appellant.

_____

After reviewing the Appellant's Opening Brief filed electronically on March 24, 2022, this Court has determined that in form the brief is Appellant's counsel's attempt to withdraw from representation pursuant to § 46-8-103(2), MCA, and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Should counsel wish to withdraw from representation the appropriate motion and memorandum must be submitted pursuant to § 46-8-103(2), MCA.

Section 46-8-103(2), MCA, permits counsel to request permission to withdraw from representation on appeal should counsel "determine[] that an appeal would be frivolous or wholly without merit." To do so, counsel must file with this Court a motion requesting permission to withdraw. The motion "must attest that counsel has concluded that an appeal would be frivolous or wholly without merit after reviewing the entire record and researching applicable statutes, case law, and rules and that the defendant has been advised of counsel's decision and of the defendant's right to file a response" Section 46-8-103(2), MCA. The motion to withdraw must be accompanied by a memorandum "discussing any issues that arguably *support* an appeal" including "a summary of the procedural history of the case and any jurisdictional problems with the appeal, together with appropriate citations to the record and to the pertinent statutes, case law, and procedural rules bearing upon each issue discussed in the memorandum." Section 46-8-103(2). MCA (emphasis added).

The record does not contain any indication that Appellant's counsel filed with this

Court a motion pursuant to this section, rather, counsel requests to withdraw from representation in a "Preface" section in the Opening Brief. While the "Preface" section contains most of the § 46-8-103(2), MCA, attestations, it does not attest as to whether the defendant has been advised of counsel's decision and of the defendant's right to file a response. Counsel is further admonished that pursuant to § 46-8-103(2), MCA, and *Anders*, the accompanying memorandum *must not argue against her client*, but must discuss any issues which would arguably *support* an appeal.

Therefore,

IT IS ORDERED that the referenced brief is rejected.

The Clerk is directed to provide a true copy of this Order to the Appellant and to all parties of record.

Electronically signed by:
Jim Rice
Justice, Montana Supreme Court
March 25 2022